# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| NESTOR ANGULO, | CASE NO. 4:18cv1844 |
| PLAINTIFF, | JUDGE SARA LIOI |
| | MEMORANDUM OPINION |
| vs. | |
| OHIO DEPT OF REHABILITATION AND CORRECTION, *et al.*, | |
| DEFENDANTS. | |

*Pro se* plaintiff Nestor Angulo ("Angulo") filed this action under 42 U.S.C. § 1983 against defendants Ohio Department of Rehabilitation and Correction ("ODRC"), Ohio State Penitentiary ("OSP"), Director of the Ohio Department of Rehabilitation and Correction Gary C. Mohr ("Mohr"), Warden Richard Bowen ("Bowen"), and Corrections Officer John Doe ("C.O. Doe"). In the complaint, Angulo alleges prison medical personnel were deliberately indifferent to his serious medical condition. He seeks monetary damages.

## I.  BACKGROUND

Angulo alleges he is a 53-year old man who has type I diabetes, hypertension, hepatitis and late stage syphilis. (Doc. No. 1 (Complaint ["Compl."]) ¶ 6.) He contends he was a heroin addict but has been clean and sober for over two years. (*Id.*) He was arrested for possession of drugs and drug trafficking and was sentenced to two years in prison. (*Id.* ¶ 10.) He indicates he qualified for placement in a minimum-security camp and received assignment to the camp at OSP. (*Id.* ¶ 11.)

He arrived at the camp on May 17, 2016. Intake personnel noted his medical conditions during the initial screening process. (*Id*. ¶ 12.)

Angulo alleges he developed a painful boil in his genital area in July 2016. (*Id*. ¶ 13.) At that time, the boil was approximately the size of a quarter. He indicates medical staff told him there was nothing they could do for him until it ruptured on its own. By the end of July, the boil had grown in size and had become very painful. (*Id*. ¶¶ 15-16.) He again sought medical attention but received the same information. In early August, the boil was so severe he could no longer walk. Corrections officers noticed how much pain Angulo was in and offered to bring meals to him. (*Id*. ¶¶ 16-17.) He contends a superior officer stopped this practice on August 7, 2016. At this time, the boil was approximately the size of a tennis ball. (*Id*. ¶ 19.) He complained to medical staff. A nurse prescribed an antibiotic, but Angulo did not receive it. Instead, on August 10, 2016, he reported to the infirmary an hour before it opened and laid on the floor. C.O. Doe saw him and sent him back to his cell to await the opening of the infirmary. Another corrections officer expressed concern that Angulo had returned without seeing a doctor and summoned infirmary staff on Angulo's behalf. He was sent to the medical center in the adjoining OSP facility. (*Id*. ¶¶ 20-26.) There, the OSP physician examined him and immediately summoned an ambulance. Angulo was transported to the hospital where he was placed in the Intensive Care Unit, and diagnosed with sepsis, septic shock, necrotizing fasciitis, gangrene and diabetic ketoacidosis. He required surgery to remove the gangrenous tissue from his genitals, leaving him with permanent damage and scarring. (*Id*. ¶¶ 27-30.) He was released from the Franklin Medical Center Rehabilitation Center to a halfway house and eventually returned home with an ankle monitor. He has since completed his sentence. (*Id*. ¶ 31.)

## II. STANDARD OF REVIEW

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1322, 39 L. Ed. 2d 577 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**III. DISCUSSION**

Angulo's Eighth Amendment claim is subject to dismissal without prejudice because it is not asserted against a proper defendant. The ODRC is a state agency. The Eleventh Amendment is an absolute bar to the imposition of liability upon states and state agencies. *Latham v. Office of Attorney Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). Similarly, Angulo names Bowen, the OSP Warden, Mohr, the Director of the Ohio Department of Rehabilitation and Correction, and C.O. Doe as defendants. A claim against Bowen and Mohr in their official capacities is a claim against the state and is also barred by the Eleventh Amendment. *Id.*

To state a claim against Bowen, Mohr, and C.O. Doe in their individual capacities, Angulo must allege facts suggesting that these individuals personally acted with deliberate indifference toward his serious medical condition. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. ed. 2d 811 (1994). Deliberate indifference "entails something more than mere negligence[.]" *Id.* at 835. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 837). In this case, Angulo does not allege any facts pertaining to Bowen or Mohr. He alleges only that C.O. Doe told him he could not lie on the floor in front of the infirmary before it opened and asked him to return to his cell. Neither of these allegations suggest these defendants were aware of the severity of his medical condition and deliberately disregarded that risk to his health.

## IV. CONCLUSION

For all the foregoing reasons, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 4, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**